# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BEVERLY DODDS**                                                                                        **PLAINTIFF**

**v.**                                        **Case No. 4:19-cv-00939-LPR**

**MARQUIS EAST,** *et al.*                                                                               **DEFENDANTS**

## ORDER

Plaintiff Beverly Dodds brings this *pro se* employment-discrimination suit against her former employer, Tyson Foods ("Tyson"), and several of its employees ("Separate Defendants"). Ms. Dodds alleges claims of religious discrimination under 42 U.S.C. § 2000e *et seq*.[1] Before the Court is Separate Defendants' Motion to Dismiss.[2] For the reasons discussed below, the Motion is GRANTED and the claims against Separate Defendants are dismissed with prejudice. Additionally, the claims against Defendant Tyson are dismissed without prejudice due to Ms. Dodds's failure to prosecute.

The nuances of Ms. Dodds's claims need not be recited in detail because Separate Defendants cannot be sued as a matter of law and must be dismissed. The basics are this. Ms. Dodds began working for Tyson as a grader in its production line at its Pine Bluff, Arkansas plant on January 15, 2014.[3] She filed a charge of discrimination with the EEOC on October 20, 2019 alleging that she was harassed twice as a result of her Christian religion.[4] Ms. Dodds recounted having been called a hypocrite and crazy for praying and singing hymns while working.[5]

---

[1] Pl.'s Amended Complaint (Doc. 7).

[2] Sep. Defendants' Motion to Dismiss (Doc. 9).

[3] Doc. 7 at 42.

[4] *Id.*

[5] *Id.*

Ms. Dodds only reported the first incident and did not indicate what, if any, action was taken by Tyson as a result.[6] The EEOC issued Ms. Dodds a right-to-sue letter on November 8, 2019.[7] She timely filed a Complaint in this Court on December 30, 2019.[8] Ms. Dodds was allowed to proceed *in forma pauperis*, but she was directed to file an Amended Complaint. She did so on January 21, 2020.[9]

Ms. Dodds recounts completely different protected religious activity in her Amended Complaint.[10] Without naming when or how often it happened, Ms. Dodds alleges that during a work break she used the women's bathroom to pray and read the Bible only to find her supervisor "blasting secular music" when she exited.[11] Ms. Dodds also alleges that a previous request to be excused from working on Sundays was rescinded due to the plant's workload.[12] Ms. Dodds then loosely recounts a litany of complaints against supervisors, managers, coworkers, human resources employees, and the plant's chaplain, documenting what she considered harassing and retaliatory actions taken against her from June 2017 through October 2019.[13]

### Separate Defendants' Motion to Dismiss

Separate Defendants filed a Motion to Dismiss on April 6, 2020.[14] In it, they argue that the claims against them should be dismissed because Ms. Dodds fails to state a claim.[15] They also

---

[6] *Id.*

[7] *Id.* at 41.

[8] Doc. 2.

[9] Doc. 7.

[10] *Id.*

[11] *Id.* at 10-11.

[12] *Id.* at 11-12.

[13] Doc. 7.

[14] Doc. 9.

[15] Docs. 9 & 10.

argue that individual supervisors and employees like Separate Defendants are not subject to suit under Title VII; only the employer company is.[16] Ms. Dodds did not respond to the Motion. After the response deadline passed, the Court gave Ms. Dodds a second chance to respond, ordering:

> If Ms. Dodds intends to oppose [the] motion to dismiss, she should file a motion for leave to file a brief out of time (and attach to that motion the underlying brief she wants to file) by Friday, 05/22/2020.[17]

Ms. Dodds still did not respond. The Motion to Dismiss is now ripe. Title VII of the Civil Rights Act of 1964 prohibits employers from unlawful discrimination on the basis of race, color, religion, sex, or national origin.[18] An "employer" is an entity "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."[19] Supervisors and individual employees are not considered "employers" and, thus, are not personally liable for Title VII violations.[20] As a result, Ms. Dodds's claims against Separate Defendants cannot stand and are dismissed with prejudice.

### Dismissal of Tyson

On February 24, 2020, the Court concluded that the Amended Complaint "just barely" survived initial screening.[21] The Court denied a Motion to Appoint Counsel.[22] The Court ordered the Marshal to serve a Summons and the Amended Complaint on each of the Separate Defendants.[23] The Court then ordered the following:

---

[16] *Id.*

[17] Doc. 18.

[18] 42 U.S.C. § 2000e-2(a)(1).

[19] 42 U.S.C. § 2000(e)(b).

[20] *Griffin v. Webb*, 653 F. Supp. 2d 925, 933 (E.D. Ark. 2009) (quoting *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 931 (8th Cir. 2007)).

[21] Doc. 8 at 1.

[22] *Id.*

[23] *Id.*

> To the extent Plaintiff is also suing Tyson Foods, Plaintiff did not provide an address for that Defendant. Plaintiff is instructed to provide the Court with a valid address for service on Tyson Foods within thirty (30) days of this Order.[24]

Ms. Dodds never complied and so Tyson remains unserved. The Court is thus dismissing the Title VII claims against Tyson for lack of prosecution.[25] However, the Court stresses two points. First, in the circumstances of this case, the Court considers it appropriate to order that the dismissal be without prejudice. Second, if, within 30 days of this Order, Ms. Dodds provides this Court an appropriate address for service of Tyson along with a reasonable explanation for her failure to provide the address in a timely manner, the Court will exercise its discretion to reopen the case and direct the Marshal to serve a Summons and the Amended Complaint on Tyson.

## Conclusion

The Motion to Dismiss (Doc. 9) is GRANTED. The Court DISMISSES with prejudice Ms. Dodds's Title VII claims against Separate Defendants. Also, the Court DISMISSES without prejudice Ms. Dodds's Title VII claims against Tyson for failure to prosecute. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 16th day of July 2020.

                                                                    _____
                                                                    LEE P. RUDOFSKY
                                                                    UNITED STATES DISTRICT JUDGE

---

[24] *Id.*

[25] FED. R. CIV. P. 41(b); *see also* LOCAL RULE 5.5(c)(2).